IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEBRASKA

MEGHAN M. HOOKER                          )
                                          )   Case Number:
          Plaintiff,                      )
                                          )   Judge:
v.                                        )
                                          )
HIBBETT SPORTING GOODS, INC., a           )
foreign corporation, TIFFANY HURT,        )   **NOTICE OF AND PETITION FOR**
TINA GARDNER, BLAKE FRICKE, and           )   **REMOVAL**
JASON ALLEN                               )
                                          )
          Defendants.                     )
                                          )

Defendants Hibbett Sporting Goods Inc., Tiffany Hurt, Tina Gardner, Blake Fricke, and

Jason Allen, by counsel, hereby file and serve this Notice of and Petition for Removal, to remove

this action from the District Court of Hall County, Nebraska, to this Court, pursuant to 28 U.S.C.

§§ 1441 and 1446.  In support of this removal, Defendants state as follows:

## BACKGROUND

1.      On or about June 26, 2014, Plaintiff Meghan M. Hooker ("Plaintiff") commenced

this action in the District Court of Hall County, Nebraska by filing a complaint, case number CI

14-532 (the "State Court Action").  A true and accurate copy of the State Court Action is

attached as **EXHIBIT A** in accordance with 28 U.S.C. § 1446(a).

## TIMELY REMOVAL

2.      On or about June 30, 2014, Plaintiff served Defendants with a copy of the

Complaint.  Defendants have not filed any pleadings in the State Court Action, and the time

period under 28 U.S.C. §1446(b) for Defendants to file this Notice of Removal has not expired.

## REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

3.       This action is being removed on the basis of federal question jurisdiction and the ground that this Court has original jurisdiction over the claim.  *See* 42 U.S.C. §§ 2000e & 12101, *et seq.;* 28 U.S.C § 1331.  Pursuant to 28 U.S.C. 1367(a), if a civil action includes a claim arising under federal law and a claim arising under state law, the district court shall have jurisdiction over all the claims so related as to form part of the same case or controversy.

5.       In the Complaint, Plaintiff seeks damages for Defendants' alleged "violation of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101, *et seq.*, Title VII of the Civil Rights Act of 19645, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*"   Compl. at ¶ 9.   Specifically, Plaintiff alleges Defendants discriminated against her on the basis of her sex and alleged disability. *Id.* Plaintiff's case presents a question of federal law.  Therefore, this court has original jurisdiction over the matter and removal is proper under the federal question jurisdiction of this court.  28 U.S. Code §§ 1331 & 1367(a).

## VENUE

6.       Pursuant to 28 U.S.C. § 1391(b) Venue is proper in the United States District Court for the District of Nebraska in Lincoln, Nebraska, because the United States District Court for the District of Nebraska encompasses Hall County, Nebraska.

6.       Defendants shall give written notice of this removal to Plaintiff and will file an appropriate Notice of Filing Notice of Removal with the District Court of Hall County, Nebraska, as required by 28 U.S.C. §1446(d)

7.       No admission of fact, law, or liability is intended by this Notice of Removal, and Defendants expressly preserve any and all of their defenses, denials, and/or objections.

2

WHEREFORE, Defendants remove the State Court Action from the District Court of Hall County, Nebraska to this Court, so that all further proceedings in this action be held before this Court.

DATED this 21st day of July, 2014.

HIBBETT SPORTING GOODS, INC., a foreign corporation, TIFFANY HURT, TINA GARDNER, BLAKE FRICKE, and JASON ALLEN, Defendants.

/s/ Chad P. Richter_____
Chad P. Richter, NE # 22001
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Nebraska   68114
(402) 391-1991
(402) 391-7363 FAX
richterc@jacksonlewis.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to the following:

Tanya J. Hansen
Leininger, Smith, Johnson, Baack, Placzek & Allen
104 North Wheeler
PO Box 790
Grand Island, Nebraska  68802-0790

/s/ Chad P. Richter_____

4820-4730-7548, v.  2

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA

MEGHAN M. HOOKER,                    )
                                     )        Case No. CI 14-532
              Plaintiff,             )
                                     )        COMPLAINT
      vs.                            )
                                     )        **FILED**
HIBBETT SPORTING GOODS, INC.,        )
a foreign corporation, TIFFANY HURT, )        JUN 26 2014
TINA GARDNER, BLAKE FRICKE, and      )
JASON ALLEN,                         )        VALORIE BENDIXEN
                                     )        CLERK OF DISTRICT COURT
              Defendants.            )

COMES NOW the Plaintiff, Meghan M. Hooker, and for her causes of action

against Defendants hereby states and alleges as follows:

### Parties

1.     Plaintiff, Meghan M. Hooker, is a resident of Grand Island, Hall County,

Nebraska.

2.     Defendant, Hibbett Sporting Goods, Inc. (hereinafter "Hibbett"), is a

foreign corporation organized and existing under the laws of the State of Delaware, with

its principal office located in Birmingham, Alabama, but is registered with the Nebraska

Secretary of State to conduct business in the State of Nebraska.

3.     Defendant Tiffany Hurt (hereinafter "Hurt") is a resident of Hall County,

Nebraska.  At all times relevant, Hurt was employed by Hibbett as a Manager.  By

nature of her employment duties, Hurt exercised control over the terms and conditions

of Plaintiff's employment with Hibbett.

4.     Defendant Tina Gardner (hereinafter "Gardner") is a resident of Hastings,

Adams County, Nebraska.  At all times relevant, Gardner was employed by Hibbett as a


000328738D08


EXHIBIT
A

District Manager.  By nature of her employment duties, Gardner exercised control over the terms and conditions of Plaintiff's employment with Hibbett in Grand Island, Hall County, Nebraska.

5.      Defendant Blake Fricke (hereinafter "Fricke") is a resident of Hall County, Nebraska.  At all times relevant, Fricke was employed by Hibbett as an Assistant Manager.  By nature of his employment duties, Fricke exercised control over the terms and conditions of Plaintiff's employment with Hibbett.

6.      Defendant Jason Allen (hereinafter "Allen") is a resident of Hall County, Nebraska.  At all times relevant, Allen was an employee of Hibbett.

7.      Hibbett is liable for all actions of its employees, managers, and supervisors under the doctrine of respondeat superior.  The conduct of these employees, managers, and supervisors was implicitly ratified by Hibbett, and such conduct involved discrimination on the basis of Plaintiff's gender and disability, and other wrongful conduct causes of action as set out herein.

## Jurisdiction and Venue

8.      Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 7 above as if though fully set forth herein.

9.      Plaintiff's causes of action are based on sex discrimination and disability discrimination during her employment with Hibbett in violation of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

2

10.    This Court has proper jurisdiction pursuant to its general powers of jurisdiction.

11.    Venue is proper in this Court because all occurrences upon which Plaintiff's claims are based occurred in Hall County, Nebraska, and Hibbett was doing business in that county at the time of each of the occurrences.

12.    Plaintiff exhausted any and all of her administrative remedies by timely filing a Charge of Discrimination with the Nebraska Equal Opportunity Commission and the United States Equal Employment Opportunity Commission.  Plaintiff received a Notice of Right to Sue letter from the Nebraska Equal Opportunity Commission dated April 3, 2014.  The United States Equal Employment Opportunity Commission issued its Dismissal and Notice of Rights on June 5, 2014.  This Complaint is timely filed within ninety (90) days after Plaintiff's receipt of both her Notice of Right to Sue letter from the Nebraska Equal Opportunity Commission and Dismissal and Notice of Rights letter from the United States Equal Employment Opportunity Commission.

13.    Neither the Nebraska Equal Opportunity Commission, nor the United States Equal Employment Opportunity Commission has filed suit on any facts alleged in this case.

## Statement of Facts

14.    Plaintiff hereby incorporates the allegations in Paragraphs 1 through 13 above as if though fully set forth herein.

15.    Plaintiff is a female, and has been diagnosed with Bipolar Disorder and Post Traumatic Stress Disorder (hereinafter collectively referred to as Plaintiff's "disability").

3

16.     Plaintiff was employed by Defendant Hibbett from September of 2012 to April of 2013.

17.     At the time of her initial hiring, Plaintiff notified Defendant Hurt, a Manager, and Defendant Gardner, a District Manager, of her disability.  Specifically, Hurt and Gardner were expressly told by Plaintiff about Plaintiff's disability, and Plaintiff submitted to them a list of medications, including those taken for her disability, for purposes of a required drug test at the time of hiring.

18.     Sometime in January of 2013, Plaintiff was promoted to the position of "Manager in Training," where she remained employed until April 2013 when she was forced to resign.

19.     As Manager in Training, Plaintiff neither had the ability to hire or fire employees of Hibbett, nor did she have any control over scheduling.

20.     Throughout her employment with Hibbett, Plaintiff was qualified for her position and performed her duties and responsibilities in a professional and competent manner, satisfying all requirements and duties of her position.

21.     All of Plaintiff's job performance evaluations were favorable.

22.     Sometime in January 2013, Defendant Allen, a fellow employee, began purposefully making inappropriate physical contact with Plaintiff, brushing against her and touching her hip.

23.     In February 2013, Allen took the physical contact even further when he began hugging Plaintiff over her objections on various occasions, going so far as to hug her from behind and brush his arms and hands against Plaintiff's breasts.

4

24. Sometime in March of 2013, Allen began to massage Plaintiff's back and sides around Plaintiff's midsection and near her bra area over her objections on various occasions. Even though Plaintiff asked Allen to stop, he would continue the conduct or stop momentarily and repeat the conduct at future times.

25. At various times throughout February and March, Plaintiff notified Fricke, Assistant Manager for Hibbett, of Allen's unwanted physical advances.

26. As a result of Allen's unwanted physical advances, Plaintiff experienced exacerbated symptoms of her previously diagnosed disability, making it difficult for Plaintiff to mentally and physically complete her job duties.

27. Plaintiff asked Hurt, on more than one occasion after Allen's conduct caused her to experience mental and physical distress, to be excused from her duties so that she could visit with a medical profession, such as her counselor, or so that she could take her medication.

28. Each time Plaintiff requested such a reprieve from her duties for treatment of the exacerbated symptoms of her disability, Plaintiff was denied leave, and was told that such medical treatment would need to be taken only during Plaintiff's scheduled breaks.

29. On April 19, 2013, Allen began massaging Plaintiff's back, and forced his hands under Plaintiff's shirt to touch her bare shoulders. Allen then began groping Plaintiff's breasts under her bra. Plaintiff immediately objected, pulled down her shirt, and left.

30. Plaintiff alerted Fricke of the April 19, 2013, incident via text message. Fricke replied: "lol that sucks."

5

31.     On April 21, 2013, Plaintiff informed Defendant Hurt about the incident which occurred on April 19, 2013.

32.     Hurt responded to Plaintiff's text message, indicating that she would not reply to what Plaintiff had told her, and directed Plaintiff to contact Defendant Gardner.

33.     Sometime later on April 21, 2013, Plaintiff contacted Gardner via telephone and informed her of the April 19, 2013, incident with Allen.

34.     During this April 21, 2013, telephone conversation, Gardner informed Plaintiff that the April 19, 2013, incident had been reported to Hibbett's harassment hotline and its Human Resources department.

35.     Also during this April 21, 2013, telephone conversation, Plaintiff notified Gardner that working with Allen was not an option due to his repeated unwanted advances and the effect it was having on the symptoms of her disability.  Gardner refused to accommodate Plaintiff's request that Hibbett schedule Plaintiff so that she would not be working alongside Allen in the future.

36.     As a result of Hibbett's refusal to address Plaintiff's complaints of sexual harassment or to accommodate Plaintiff's disability which was affected by such sexual harassment, Plaintiff had no choice but to resign from her position on April 22, 2013.

37.     At all times relevant, because Plaintiff was at the time employed in the position of Manager in Training, Fricke, being an Assistant Manager, Hurt, being a Manager, and Gardner, being a District Manager, were Plaintiff's superiors.  In their positions, Fricke, Hurt, and Gardner had the authority to discipline and fire employees of Hibbett.

6

**First Cause of Action**

**Violation of 42 U.S.C. § 2000e, *et seq.* – Gender Discrimination**

38.    Plaintiff hereby incorporates the allegations in Paragraphs 1 through 37 above as if though fully set forth herein.

39.    At all relevant times, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f).

40.    At all relevant times, Defendant Hibbett was an "employer" as defined by 42 U.S.C. § 2000e(b) because Hibbett was engaged in an industry affecting interstate commerce and employed a sufficient number of employees.

41.    By its actions detailed above, Defendant Hibbett unlawfully discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

42.    By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other economic loss, and has suffered emotional pain and anguish and/or has suffered damage to her reputation.

**Second Cause of Action**

**Violation of 42 U.S.C. § 12101, *et seq.* – Disability Discrimination**

43.    Plaintiff hereby incorporates the allegations in Paragraphs 1 through 42 above as if though fully set forth herein.

44.    At all relevant times, Defendant Hibbett was an "employer" as defined by 42 U.S.C. § 12111(5) because Hibbett was engaged in an industry affecting interstate commerce and employed a sufficient number of employees.

7

45.     At all relevant times, Plaintiff suffered from one or more medical diagnoses which fall within the definition of a "disability" as the term is defined by 42 U.S.C. § 12102.

46.     At all relevant times, by way of the treatment experienced as an employee and the conditions of her employment, Plaintiff was regarded as having a "disability" within the meaning of 42 U.S.C. § 12102.

47.     By its actions detailed above, Defendant Hibbett unlawfully discriminated against Plaintiff on the basis of her suffering from, or being regarded as suffering from, a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

48.     By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other economic loss, and has suffered emotional pain and anguish and/or has suffered damage to her reputation.

### Third Cause of Action

### Violation of Neb. Rev. Stat. § 48-1101, *et seq.*

49.     Plaintiff hereby incorporates the allegations in Paragraphs 1 through 48 above as if though fully set forth herein.

50.     Defendant Hibbett is an "employer" as defined by Neb. Rev. Stat. § 48-1102(2).

51.     Defendant Hibbett is not "[a] religious corporation, association, or society."

52.     Plaintiff was not employed by her parent, grandparent, spouse, child, or grandchild or in the domestic service of any person during her employment with Hibbett.

53.     The conduct of Defendant Hibbett, via its representatives, agents, or employees, as alleged in the foregoing paragraphs constitutes discrimination on the basis of Plaintiff's sex in violation of Neb. Rev. Stat. § 48-1101, *et seq.*

54.     Further, the conduct of Defendant Hibbett, via its representatives, agents, or employees, as alleged in the foregoing paragraphs constitutes discrimination on the basis of Plaintiff's disability in violation of Neb. Rev. Stat. § 48-1101, *et seq.*

55.     Specifically, Defendant Hibbett, via its representatives, agents, or employees, violated Nebraska state law when it harassed or otherwise discriminated against Plaintiff with respect to Plaintiff's terms, conditions, or privileges of employment because of Plaintiff's sex when Defendant Hibbett, having been notified of specific sexual harassment and assault by Defendant Allen, failed to adequately address such conduct.

56.     Moreover, Defendant Hibbett, via its representatives, agents, or employees, further violated Nebraska state law when it harassed or otherwise discriminated against Plaintiff with respect to Plaintiff's terms, conditions, or privileges of employment because of Plaintiff's disability when Defendant Hibbett, having been notified of Plaintiff's disability and the effect certain sexual harassment and physical assault by Defendant Allen had on that disability, failed to provide adequate accommodations by refusing to adjust Plaintiff's schedule and by refusing to allow Plaintiff periodic leave to seek necessary medical attention.  Such requests for accommodation were reasonable and necessary for Plaintiff to perform the duties of her employment.

9

57.     As a result of Defendant Hibbett's failure to address Defendant Allen's physical harassment and assault, and Defendant Hibbett's failure to make reasonable and necessary accommodations for Plaintiff's known disability, Plaintiff was forced to resign from her position.

58.     Also, as a direct and proximate result of Defendant Hibbett's conduct, Plaintiff suffered anxiety, humiliation, and economic distress.

### Fourth Cause of Action

### Assault

59.     Plaintiff hereby incorporates the allegations in Paragraphs 1 through 58 above as if though fully set forth herein.

60.     This Fourth Cause of Action is asserted only against Defendant Allen.

61.     The above-alleged actions of Defendant Allen constitute assault against Plaintiff in violation of Nebraska law.

62.     As a result of Defendant Allen's assault of Plaintiff, Plaintiff has suffered damages as requested hereinbelow.

### Fifth Cause of Action

### Battery

63.     Plaintiff hereby incorporates the allegations in Paragraphs 1 through 58 above as if though fully set forth herein.

64.     This Fifth Cause of Action is asserted solely against Defendant Allen.

65.     The above-alleged actions of Defendant Allen constitute battery against Plaintiff in violation of Nebraska.

10

66.   As a result of Defendant Allen's battery of Plaintiff, Plaintiff has suffered damages as requested hereinbelow.

## Sixth Cause of Action

## Negligent Training and Supervision

67.   Plaintiff hereby incorporates Paragraphs 1 through 66 above as if though fully set forth herein.

68.   Defendant Hibbett was negligent in training, managing, and supervising its employees.

69.   Defendant Hibbett was aware or should have been aware of the actions of its employees and for training and supervision its employees against taking such action in the workplace.

70.   Had Defendant Hibbett properly trained and supervised its employees or taken corrective action in a timely and reasonable fashion, Plaintiff would have never been subjected to the wrongful conduct alleged herein.

## Seventh Cause of Action

## Infliction of Emotional Distress

71.   Plaintiff hereby incorporates paragraphs 1 through 70 above as if though fully set forth herein.

72.   As a direct and proximate result of the actions alleged above by Defendants, Plaintiff has suffered intentional and/or negligent infliction of emotional distress.

73.   The aforementioned acts were done willfully, maliciously, outrageously, deliberately, and purposefully with the intent to inflict emotional distress upon Plaintiff

11

and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress and these acts did in fact result in extreme emotional distress.

74.     Defendants knew or should have known the actions taken and alleged herein would cause emotional distress.

75.     Any reasonable person would know the actions and conduct alleged herein would cause emotional distress to another.

76.     Defendants had a duty to refrain from such actions or to stop such actions and failed to do so causing harm to Plaintiff.

## Prayer for Relief

WHEREFORE Plaintiff requests this Court enter judgment in her favor and against Defendants on all of the above causes of action, and specifically requests the following:

77.     Special Damages:  Past and future wages, past and future loss of earning capacity, past and future loss of benefits of employment, medical benefits, medical expense, and other compensatory and wage damages as will be proven at trial.

78.     General Damages:  Discrimination, humiliation, and other general damages.

79.     Punitive Damages:  Punitive damages should be assessed against Hibbett only in amounts determined appropriate at trial.

80.     Attorney's Fees and Costs:  All reasonable attorney's fees, including contingent attorney's fees, and all costs should be awarded as additional judgment against Defendants.

12

81.    Other relief: This Court should award other such relief as deemed appropriate, equitable, or just, including interest on any judgment at the highest legal rate.

## Demand for Trial by Jury

Plaintiff hereby demands a trial by jury in the above-captioned matter.

MEGHAN M. HOOKER, Plaintiff

BY    LEININGER, SMITH, JOHNSON,
      BAACK, PLACZEK & ALLEN
      104 N. Wheeler
      PO Box 790
      Grand Island, NE  68802-0790
      Telephone: (308) 382-1930

By    _Tany Hansen_____
      Tanya J. Hansen, #23306

3780-2/475756

13

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA

MEGHAN M. HOOKER,                    )
                                     )     Case No. CI 14-532
                Plaintiff,           )
                                     )
        vs.                          )
                                     )     PRAECIPE FOR SUMMONS
HIBBETT SPORTING GOODS, INC.,        )
a foreign corporation, TIFFANY HURT, )
TINA GARDNER, BLAKE FRICKE, and      )
JASON ALLEN,                         )     **FILED**
                                     )
                Defendants.          )     JUN 2 6 2014
                                             **VALORIE BENDIXEN**
                                             **CLERK OF DISTRICT COURT**

TO THE CLERK OF SAID COURT:

        Please issue a Summons to the Defendants as follows:

Hibbett Sporting Goods, Inc.
Lawyers Incorporating Service Company
Registered Agent                          # 55c73
233 South 13th Street, Suite 1900
Lincoln, NE 68801

Tina Gardner
741 N. Minnesota              # 55046
Hastings, NE 68901

Blake Fricke
1938 W 6th St.              # 55047
Hastings, NE 68901

        Service shall be made by the Plaintiff's attorney serving the Defendants by

Certified United States mail, with a copy of the Complaint and Summons issued herein.

email atty x 3



000328739D08

Please endorse on the Summons that if Defendant fail to appear and answer as directed, the Court may enter judgment for relief demanded in the Complaint.

MEGHAN M. HOOKER, Plaintiff

BY    LEININGER, SMITH, JOHNSON,
      BAACK, PLACZEK & ALLEN
      104 N. Wheeler
      PO Box 790
      Grand Island, NE  68802-0790
      Telephone: (308) 382-1930

By    _____
      Tanya J. Hansen, #23306

3780-2/478878

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA

MEGHAN M. HOOKER,                          )
                                           )      Case No. CI 14-532
                        Plaintiff,         )
                                           )
        vs.                                )
                                           )      PRAECIPE FOR SUMMONS
HIBBETT SPORTING GOODS, INC.,              )
a foreign corporation, TIFFANY HURT,       )
TINA GARDNER, BLAKE FRICKE, and            )
JASON ALLEN,                               )      **FILED**
                                           )
                        Defendants.        )      JUN 2 6 2014

                                                  **VALORIE BENDIXEN**
                                                  **CLERK OF DISTRICT COURT**

TO THE CLERK OF SAID COURT:

Please issue a Summons to the Defendants as follows:

# 55048   Jason Allen                   Tiffany Hurt              # 55049
          Hibbett Sporting Goods        Hibbett Sporting Goods
          2300 N Webb Rd #104           2300 N Webb Rd #104
          Grand Island, NE  68803       Grand Island, NE  68803

Said Summons is to be served upon the Defendant personally by the Sheriff of Hall

County, Nebraska, together with the Complaint and summons herein.  Please endorse

on the Summons that if Defendant fails to appear and answer as directed, the Court

may enter judgment for relief demanded in the Complaint.

                        MEGHAN M. HOOKER, Plaintiff

                        BY      LEININGER, SMITH, JOHNSON,
                                BAACK, PLACZEK & ALLEN
                                104 N. Wheeler
                                PO Box 790
                                Grand Island, NE  68802-0790
                                Telephone: (308) 382-1930

                        By      _Tany Hansen_____
                                Tanya J. Hansen, #23306

S08 ×2

3780-2/479033



000328740D08

Image ID:
D00055046D08

**SUMMONS**

Doc. No.    55046

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island      NE 68801

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14      532

TO:  Tina Gardner

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

Plaintiff's Attorney:     Tanya J Hansen
Address:                  104 N Wheeler
                          P O Box 790
                          Grand Island, NE 68802
Telephone:                (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014          BY THE COURT:  *Valorie Bendixen*
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Tina Gardner
        741 N Minnesota
        Hastings, NE 68901

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00055047D08

## SUMMONS

Doc. No.     55047

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island      NE 68801

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14      532

TO:  Blake Fricke

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

Plaintiff's Attorney:     Tanya J Hansen
Address:                  104 N Wheeler
                          P O Box 790
                          Grand Island, NE 68802
Telephone:                (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014        BY THE COURT:   *Valerie Bendeyen*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Blake Fricke
        1938 W 6th St
        Hastings, NE 68901

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| Image ID:<br>D00055048D08 | SUMMONS | Doc. No.   55048 |
| --- | --- | --- |

IN THE DISTRICT COURT OF Hall COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island       NE 68801

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14       532

TO:  Jason Allen

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

Plaintiff's Attorney:      Tanya J Hansen
Address:                   104 N Wheeler
                           P O Box 790
                           Grand Island, NE 68802
Telephone:                 (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014       BY THE COURT:  *Valorie Bendejen*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Jason Allen
        Hibbett Sporting Goods
        2300 N Webb Rd #104
        Grand Island, NE 68803

BY:  Hall County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

Image ID:                    **SUMMONS**
D00055049D08                                                 Doc. No.      55049

IN THE DISTRICT COURT OF Hall COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island       NE 68801

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14      532

TO:  Tiffany Hurt

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

Plaintiff's Attorney:     Tanya J Hansen
Address:                  104 N Wheeler
                          P O Box 790
                          Grand Island, NE 68802
Telephone:                (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014       BY THE COURT:  *Valorie Bendjen*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Tiffany Hurt
        Hibbett Sporting Goods
        2300 N Webb Rd #104
        Grand Island, NE 68803

BY:  Hall County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

Image ID:
D00055073D08

## SUMMONS

Doc. No.   55073

IN THE DISTRICT COURT OF Hall COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island      NE 68801

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14      532

TO:  Hibbett Sporting Goods, Inc

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

Plaintiff's Attorney:   Tanya J Hansen
Address:                104 N Wheeler
                        P O Box 790
                        Grand Island, NE 68802
Telephone:              (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014      BY THE COURT:   *Valerie Bendfen*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Hibbett Sporting Goods, Inc
Lawyers Incorporating Service Co
233 South 13th St Suite 1900
Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Hall District Court
*** EFILED ***
Case Number: D08CI140000532
Transaction ID: 0001420522
Doc. No.: 55026
Filing Date: 07/02/2014 02:45:29 PM CDT

**SERVICE RETURN**

HALL DISTRICT COURT
111 West First, Suite 4
Grand Island     NE 68801

To:
Case ID: CI 14     532 Hooker v. Hibbett Sporting Goods, Inc

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                         _____

Mileage ____miles        _____

    TOTAL               $ _____

Date: _____     BY: _____
                                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____  TIna Gardner

At the following address: _____  741 N. Minnesota

_____  Hastings, NE 68901

_____

on the __27th__ day of __June__     __2014__, as required by Nebraska state law.

_____

Postage $ __11.95__     Attorney for: __Meghan Hooker__

### The return reciept was delivered back as to NO SERVICE - INVALID ADDRESS

To: Tina Gardner                    From: Tanya J Hansen
    741 N Minnesota                      104 N Wheeler
                                         P O Box 790
    Hastings, NE 68901                   Grand Island, NE 68802

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Hall District Court
*** EFILED ***
Case Number: D08CI140000532
Transaction ID: 0001420408
Filing Date: 07/02/2014 02:29:35 PM CDT

**SERVICE RETURN**

Doc. No.     55047

HALL DISTRICT COURT
111 West First, Suite 4
Grand Island      NE  68801

To:
Case ID: CI 14     532 Hooker v. Hibbett Sporting Goods, Inc

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Nancy Burke_  ☐ Agent  ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery <br> _Nancy Fricke_   _6-28-14_ |
| 1. Article Addressed to: <br><br> Blake Fricke <br> 1938 W 6th Street <br> Hastings, Nebraska 68901 <br><br> RECEIVED JUL 0 1 2014 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail®  ☐ Priority Mail Express™ <br> ☒ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ Collect on Delivery <br> 4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| 2. Article Number <br> (Transfer from service label)   7012 3460 0003 2499 7232 | |

PS Form 3811, July 2013          Domestic Return Receipt

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____ Blake Fricke _____

At the following address: _____ 1938 West 6th Street _____
_____ Hastings, Ne 68901 _____

on the _27th_ day of _June_ _2014_, as required by Nebraska state law.

Postage $ _11.95_     Attorney for: _Meghan Hooker_

The return receipt for mailing to the party was signed on _June 28_ , _2014_ .

To: Blake Fricke                    From: Tanya J Hansen
    1938 W 6th St                         104 N Wheeler
                                          P O Box 790
    Hastings, NE 68901                    Grand Island, NE 68802

# ATTACH RETURN RECEIPT & RETURN TO COURT

# Hall County Sheriff's Office
## 111 Public Safety Drive
## Grand Island, Nebraska 68801-8510

### Process Service Return

**Papers Served**

Summons And Petition

**Docket & Page:**   CI14-532

**Received:**   6/27/2014   **Time Received:**   1:28:00 PM   **Returned Date:**   7/1/2014

|  |  |
|---|---|
| Services & Return | $18.00 |
| Mileage | $6.49 |
| Miscellaneous | $0.00 |
| Total Charges | $24.49 |

**Misc Description:**

# FILED

JUL 0 2 2014

**VALORIE BENDIXEN**
**CLERK OF DISTRICT COURT**

**Plaintiff:**   - Hooker, Meghan M

**Defendant:**   Hibbett Sporting Goods, Inc - ,

| Slip To  /  How Served | Date Served | Time Served | Served By Officer |
|---|---|---|---|
| Jason Allen<br>Personal | 7/1/2014 | 11:27:00 AM | 1058 - LARRY B RUNGE |

I hereby certify that at the time and in the manner herein stated, I served the within writ, together with copies shown, on the herein named party(s) a true and certified copy thereof with all endorsements and attachments there on, or returned said writ unserved in the prescribed manner.  I, Jerry Watson, Sheriff of Hall County do hereby authorized Deputy Sheriff(s)/ Support Staff of Hall County to serve the within writ.

All done in Hall County, Nebraska, as required by law.

JERRY WATSON,
SHERIFF OF HALL COUNTY

Served by authorized process

LARRY B RUNGE

000328839D08

**Record Number:**   60855

Image ID:
D00055048D08

**SUMMONS**

Doc. No.   55048

IN THE DISTRICT COURT OF Hall COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island     NE 68801

'14 JUN 27  1:28PM

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14     532

TO:  Jason Allen

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

**FILED**

JUL 0 2 2014

王 号 2 1 32

**VALORIE BENDIXEN
CLERK OF DISTRICT COURT**

Plaintiff's Attorney:     Tanya J Hansen
Address:                  104 N Wheeler
                         P O Box 790
                         Grand Island, NE 68802
Telephone:               (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014     BY THE COURT:   *Valorie Bendixen*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Jason Allen
        Hibbett Sporting Goods
        2300 N Webb Rd #104
        Grand Island, NE 68803

BY:  Hall County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

## SERVICE RETURN

Doc. No.    55048

**HALL DISTRICT COURT**
111 West First, Suite 4
Grand Island    NE 68801

To: Hall County Sheriff
Case ID: CI 14    532 Hooker v. Hibbett Sporting Goods, Inc

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy                      _____

Mileage ____miles         _____

    TOTAL             $ _____

Date: _____    BY: _____
                                   (Sheriff or authorized person)

# FILED

### JUL 0 2 2014

**VALORIE BENDIXEN**
**CLERK OF DISTRICT COURT**

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Jason Allen
    Hibbett Sporting Goods
    2300 N Webb Rd #104
    Grand Island, NE 68803

From: Tanya J Hansen
      104 N Wheeler
      P O Box 790
      Grand Island, NE 68802

# ATTACH RETURN RECEIPT & RETURN TO COURT

# Hall County Sheriff's Office
## 111 Public Safety Drive
## Grand Island, Nebraska 68801-8510

### Process Service Return

**Papers Served**

Summons And Petition

**Docket & Page:**  CI14-532

**Received:**         6/27/2014      **Time Received:**     1:29:00 PM       **Returned Date:**        7/1/2014

|  | Services & Return | $18.00 |
|--|--|--|
|  | Mileage | $8.26 |
|  | Miscellaneous | $0.00 |
|  | Total Charges | $26.26 |

**Misc Description:**

# FILED

JUL 0 2 2014

**VALORIE BENDIXEN**
**CLERK OF DISTRICT COURT**

**Plaintiff:**   - Hooker, Meghan M

**Defendant:**  Hibbett Sporting Goods, Inc - ,

| Slip To / How Served | Date Served | Time Served | Served By Officer |
|--|--|--|--|
| Tiffany Hurt<br>Personal | 7/1/2014 | 10:40:00 AM | 1054 - TRACY ATWOOD |

I hereby certify that at the time and in the manner herein stated, I served the within writ, together with copies shown, on the herein named party(s) a true and certified copy thereof with all endorsements and attachments there on, or returned said writ unserved in the prescribed manner. I, Jerry Watson, Sheriff of Hall County do hereby authorized Deputy Sheriff(s)/ Support Staff of Hall County to serve the within writ.

All done in Hall County, Nebraska, as required by law.

JERRY WATSON,
SHERIFF OF HALL COUNTY

Served by authorized process

TRACY ATWOOD

000328838D08

**Record Number:**          60857

*60851*

| | SUMMONS | |
|---|---|---|
| Image ID:<br>D00055049D08 | | Doc. No.   55049 |

IN THE DISTRICT COURT OF Hall COUNTY, NEBRASKA
111 West First, Suite 4
Grand Island       NE 68801

'14 JUN 27  1:29 PM

Meghan M Hooker v. Hibbett Sporting Goods, Inc

Case ID: CI 14       532

TO:  Tiffany Hurt

**FILED BY**
Clerk of the Hall District Court
06/27/2014

You have been sued by the following plaintiff(s):

Meghan M Hooker

# FILED

JUL 0 2 2014

**VALORIE BENDIXEN**
**CLERK OF DISTRICT COURT**

| | |
|---|---|
| Plaintiff's Attorney: | Tanya J Hansen |
| Address: | 104 N Wheeler |
| | P O Box 790 |
| | Grand Island, NE 68802 |
| Telephone: | (308) 382-1930 |

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 27, 2014        BY THE COURT:   *Valorie Bendixen*
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Tiffany Hurt
        Hibbett Sporting Goods
        2300 N Webb Rd #104
        Grand Island, NE 68803

BY:  Hall County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

**SERVICE RETURN**

Doc. No.    55049

HALL DISTRICT COURT
111 West First, Suite 4
Grand Island        NE 68801

To: Hall County Sheriff
Case ID: CI 14      532 Hooker v. Hibbett Sporting Goods, Inc

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                       _____

Mileage _____miles         _____

     TOTAL            $ _____

Date: _____      BY: _____
                                              (Sheriff or authorized person)

**FILED**

JUL 0 2 2014

**VALORIE BENDIXEN**
**CLERK OF DISTRICT COURT**

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Tiffany Hurt                         From: Tanya J Hansen
    Hibbett Sporting Goods                     104 N Wheeler
    2300 N Webb Rd #104                        P O Box 790
    Grand Island, NE 68803                     Grand Island, NE 68802

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Hall District Court
*** EFILED ***
Case Number: D08CI140000532
Transaction ID: 0001420382
Filing Date: 07/02/2014 02:27:38 PM CDT

| SERVICE RETURN | | Doc. No. | 55073 |

HALL DISTRICT COURT
111 West First, Suite 4
Grand Island       NE 68801

To:
Case ID: CI 14     532 Hooker v. Hibbett Sporting Goods, Inc

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hibbett Sporting Goods, Inc.
Lawyers Incorporating
Service, Inc.
233 South 13th St. Suite 1900
Lincoln, Nebraska 68508

RECEIVED JUL 0 1 2014

2. Article Number
(Transfer from service label)    7062 3460 0003 2499 7225

PS Form 3811, July 2013          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery  6-30-14

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☒ Certified Mail®    ☐ Priority Mail Express™
☒ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☒ Yes

---

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,

TO THE PARTY: _Hibbett Sporting Goods, Inc._

At the following address: _Lawyers Incorporating Service Co_

_233 South 13th Street, Suite 1900_

_Lincoln, NE 68508_

on the _27th_ day of _June_  _2014_, as required by Nebraska state law.

Postage $ _11.95_   Attorney for: _Meghan Hooker_

The return receipt for mailing to the party was signed on _June 30_  _2014_.

To: Hibbett Sporting Goods, Inc        From: Tanya J Hansen
Lawyers Incorporating Service Co             104 N Wheeler
233 South 13th St Suite 1900                 P O Box 790
Lincoln, NE 68508                            Grand Island, NE 68802

# ATTACH RETURN RECEIPT & RETURN TO COURT